SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 30, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:  BORIS LYNN VAUGHN                                               NO. 25-50159-KMS

### AGREED ORDER ON OBJECTION TO CONFIRMATION (Dkt 29)

This matter having come on before this Court on the objection of Southern Bancorp Bank ("Bank") to confirmation of the Debtor's plan and the Court having found that the parties are agreeable to the entry of this Order.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1. Vaughn Solutions and Logistics, LLC is indebted to the Bank under a Promissory Note. As of the date of the filing of this bankruptcy, the payoff was $58,602.26. The Debtor personally guaranteed payment. As collateral for the indebtedness due, the Debtor pledged to the Bank certain real property and improvements located at 99 Everglades, Hattiesburg, Mississippi as evidenced by a duly recorded Deed of Trust.

2. This Order shall control the treatment of the Bank under the Debtor's plan as confirmed. The Debtor's plan is hereby modified to treat the Bank as follows:

    (a) The Bank will be paid will be paid by the Trustee through the plan its fully secured claim of $58,602.26 plus 10% interest over the life of the plan; and

    (b) The attorney fees and costs incurred by the Bank in the sum of $550.00 shall be added to the plan as a special claim and paid by the Trustee to the Bank over the life of the plan.

3. The Debtor shall pay any and all taxes and assessments due on the Bank's collateral as and when due. If the Debtor fails to pay any tax or assessment due on the Bank's collateral within 90 days

1

after it is due, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

4. The Debtor shall be required to maintain comprehensive insurance on the Bank's collateral, including but not limited to, fire, physical damage and loss coverage with the Bank named as loss payee and shall provide the Bank will proof within 10 days from the date of this Order. If such proof is not provided, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court. If such insurance thereafter lapses or is canceled for any reason and is not reinstated within 10 days' notice of such lapse or cancellation is sent to Debtor and Debtor's attorney, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

5. The Trustee may adjust the wage withholding order as necessary to provide for the above plan payments.

6. This Order shall govern the Bank's treatment under any plan and is hereby incorporated therein.

##END OF ORDER##

Approved:

/s/ Jeff Rawlings
Attorney for Southern Bancorp Bank

/s/ Thomas Carl Rollins, Jr.
Attorney for Debtor

/s/ David Rawlings
Chapter 13 Trustee

Submitted by:
Jeff Rawlings
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

2