United States Bankruptcy Court
Southern District of Mississippi

In re:  Case No. 25-50159-KMS
Boris Lynn Vaughn  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-6  User: mssbad  Page 1 of 2
Date Rcvd: Jun 30, 2025  Form ID: pdf012  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 02, 2025:**

**Recip ID**     **Recipient Name and Address**
db     + Boris Lynn Vaughn, 99 Everglades, Hattiesburg, MS 39402-9610

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 02, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 30, 2025 at the address(es) listed below:

**Name**     **Email Address**

David Rawlings
    ecfnotices@rawlings13.net sduncan@rawlings13.net

Jacob C Zweig
    on behalf of Creditor TD Bank N.A., successor in interest to TD Auto Finance LLC jzweig@evanspetree.com, mstevens@evanspetree.com

Jeff D. Rawlings
    on behalf of Creditor Southern Bancorp Bank Notices@rawlingsmacinnis.net Judy@rawlingsmacinnis.net

Jennifer A Curry Calvillo
    on behalf of Debtor Boris Lynn Vaughn jennifer@therollinsfirm.com
    jennifer.curry.ecf@gmail.com,CalvilloJR81745@notify.bestcase.com

Kimberly D. Putnam
    on behalf of Creditor PennyMac Loan Services LLC kim.mackey@ms.creditorlawyers.com, msecf@ms.creditorlawyers.com

Thomas Carl Rollins, Jr

| | | |
|---|---|---|
| District/off: 0538-6 | User: mssbad | Page 2 of 2 |
| Date Rcvd: Jun 30, 2025 | Form ID: pdf012 | Total Noticed: 1 |

on behalf of Debtor Boris Lynn Vaughn trollins@therollinsfirm.com
jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

TOTAL: 7



SO ORDERED,

Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: June 30, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: BORIS LYNN VAUGHN             NO. 25-50159-KMS

### AGREED ORDER ON OBJECTION TO CONFIRMATION (Dkt 29)

This matter having come on before this Court on the objection of Southern Bancorp Bank ("Bank") to confirmation of the Debtor's plan and the Court having found that the parties are agreeable to the entry of this Order.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1. Vaughn Solutions and Logistics, LLC is indebted to the Bank under a Promissory Note. As of the date of the filing of this bankruptcy, the payoff was $58,602.26. The Debtor personally guaranteed payment. As collateral for the indebtedness due, the Debtor pledged to the Bank certain real property and improvements located at 99 Everglades, Hattiesburg, Mississippi as evidenced by a duly recorded Deed of Trust.

2. This Order shall control the treatment of the Bank under the Debtor's plan as confirmed. The Debtor's plan is hereby modified to treat the Bank as follows:

    (a) The Bank will be paid will be paid by the Trustee through the plan its fully secured claim of $58,602.26 plus 10% interest over the life of the plan; and

    (b) The attorney fees and costs incurred by the Bank in the sum of $550.00 shall be added to the plan as a special claim and paid by the Trustee to the Bank over the life of the plan.

3. The Debtor shall pay any and all taxes and assessments due on the Bank's collateral as and when due. If the Debtor fails to pay any tax or assessment due on the Bank's collateral within 90 days

1

after it is due, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

4. The Debtor shall be required to maintain comprehensive insurance on the Bank's collateral, including but not limited to, fire, physical damage and loss coverage with the Bank named as loss payee and shall provide the Bank will proof within 10 days from the date of this Order. If such proof is not provided, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court. If such insurance thereafter lapses or is canceled for any reason and is not reinstated within 10 days' notice of such lapse or cancellation is sent to Debtor and Debtor's attorney, the Bank's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Bank's collateral without further order of this Court.

5. The Trustee may adjust the wage withholding order as necessary to provide for the above plan payments.

6. This Order shall govern the Bank's treatment under any plan and is hereby incorporated therein.

##END OF ORDER##

Approved:

/s/ Jeff Rawlings
Attorney for Southern Bancorp Bank

/s/ Thomas Carl Rollins, Jr.
Attorney for Debtor

/s/ David Rawlings
Chapter 13 Trustee

Submitted by:
Jeff Rawlings
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642